### STERLING vs. CARRUTHERS.

Eastern D st.
June, 1828.

APPEAL from the court of the third district.

When it is necessary to explain or rebut the testimony of the defendant, the court has power to permit the plaintiff to do so.

PORTER, J. delivered the opinion of the court. The petitioner states that he authorised the defendants to cut wood on his land, on the condition they would pay fifty cents for each cord. That in pursuance of this agreement, they cut down and disposed of a large quantity, and from time to time paid for the same, until the 21st January, 1827, when a settlement took place, and the defendants acknowledged they owed for 369 cords, which, at 50 cents per cord, is one hundred and eighty-four dollars and 50 cents.

This sum, he avers, they have refused to pay, as also a further sum of $300, for wood cut by them, for which they did not render an account. Judgment is prayed against them for $484 50 cents.

The defendants, by their answer, admit the contract, and the payment by them of several sums of money, but allege these payments were made in error, as the plaintiff had no title to the land on which the wood was cut. They further state that he has since sold the land to one Chinn, to whom alone they are

responsible for the wood cut on it. They con-clude by praying judgment in reconvention for the money paid by them in error, and $500, the damages sustained by them in conse-quence of the plaintiff fraudulently represent-ing the land to belong to him.

The cause was submitted to a jury, who found a verdict in favour of the plaintiff for $184 50 cents—the defendants made an un-successful attempt to obtain a new trial, and the court rendering a judgment conformable to the verdict, they appealed.

The plaintiff proved the contract as set out in his petition, and a settlement made on the 21st January, 1827, by which the defendants acknowledged the quantity cut by them to be 459 cords, 50 of which had been cut since the the sale to Chinn, on the 27th of December, 1826: leaving 409 cords to be paid for to the plaintiff. At the foot of this acknowledgment the plaintiff declares the defendants have paid $20.

The defendants have contended in this court—

1st.—that the wood was cut after the land was sold to Chinn.

The proof contradicts this assertion. The

defendants' acknowledgment establishes it to have been before.

2nd—that the land the wood was taken off did not belong to the plaintiff.

On this point the evidence is: the defendants cut wood three miles, or *three miles and a half from the mouth of Thompson's creek.* In the instrument by which the defendants were permitted to cut wood, the land is described to be *on the point made by the Mississippi river and Thompson's creek.* There is no plan of survey coming up with the record, nor any proof which enables this court to say that land lying three miles and a half from the mouth of Thompson's creek, is not on the point made by the Mississippi river and Thompson's creek. We cannot therefore say the jury erred in considering the wood to have been cut on the soil of the plaintiff.

Nor do we think the court erred in permitting the plaintiff to examine a witness after the defendants had closed their testimony. The general rule is certainly opposed to such indulgence being extended; but when it becomes necessary to explain or rebut testimony, it is within the discretion and power of the court to permit either of the parties to do so. The

Eastern Dist.
*June,* 1828.

STIRLING
*vs.*
CARUTHERS

484th article of the code of practice does not appear to us opposed to this doctrine; the prohibition there spoken of, is in relation to testimony offered after the argument has commenced.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.